■ SIME MILIN, Appellant, v. UNITED STATES LINES, INC., Defendant-Respondent and Third-Party Plaintiff-Respondent. UNIVERSAL TERMINAL & STEVEDORING CORP., Third-Party Defendant-Respondent.— Judgment, Supreme Court, New York County, entered on June 17, 1971, which dismissed plaintiff's complaint at the close of the plaintiff's case, affirmed, without costs and without disbursements. Plaintiff did not establish a prima facie case of unseaworthiness. (*Harriman* v. *Penn Shipping Co.,* 39 A D 2d 519.) Although special arrangements had been made for an interpreter in the Croatian language, Primoski dialect, so that plaintiff could testify, he did not take the

stand. This is significant only in that his testimony might have bolstered his claim. (See in general on the question of unseaworthiness, Fundamentals of Maritime Injury Law, Paul S. Edelman, N. Y. L. J., April 7, 1972, p. 1, col. 1, p. 4, col. 1.) Concur — Kupferman, Murphy, Steuer and Eager, JJ.; Nunez, J., dissents in the following memorandum: I would reverse and remand for a new trial. True, it would have been better had the plaintiff been called as a witness. However, in my view, a prima facie case of unseaworthiness was made out by Emilio Sumberaz, who testified that he and plaintiff were longshoremen working together on the day of the accident in the hold of a ship, that he saw plaintiff as he was falling, and upon looking in plaintiff's direction, he observed grease on a carton of cargo and on the sole of plaintiff's right shoe. He also testified that there was grease on the open deck of the ship. The trial court dismissed the complaint apparently because plaintiff failed to establish that the grease which caused him to fall was on the carton, rather than on plaintiff's shoe and because plaintiff failed to adduce any proof on the issue of contributory negligence. Whether the grease came from the cargo or plaintiff's shoe was for the jury. Reading Sumberaz' testimony, one may very well conclude that the grease on plaintiff's shoe came from the cargo and not the other way around. It seems to me that that was what this witness, who testified through an interpreter, was attempting to convey by his somewhat colorful manner of testifying. If the jury were to find, as it well could have on this record, that there was grease on the cargo carton and that plaintiff slipped on it and suffered injury, it would be sufficient to render the vessel unseaworthy irrespective of how long or how short a time the grease had been there. (See *Calderola* v. *Cunard S. S. Co.*, 279 F. 2d 475; *Schell* v. *Chesapeake & Ohio Ry. Co.*, 395 F. 2d 676, 678.)